# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| **MICHAEL MABE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )     1:11CV1076 |
| | ) |
| **STATE OF NORTH CAROLINA,** | ) |
| | ) |
| Respondent. | ) |

## ORDER AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, has submitted a document entitled "Motion for Appointment of Counsel." As styled, that motion is not proper because Petitioner has no case pending in this Court and counsel is not ordinarily appointed prior to a case being filed except in death penalty cases. In fact, it is not even clear whether Petitioner wants counsel appointed to represent him in this Court or in the state courts. This Court does not appoint counsel to handle state court cases. Even though Petitioner has not used the correct forms for a habeas corpus petition under 28 U.S.C. § 2254, it does appear that he may want to attack a state court criminal conviction. If so, the document he has filed is not a recognizable method for achieving this goal. Instead, the proper avenue for such an attack is ordinarily a petition for habeas corpus. Out of an abundance of caution, and because Petitioner's submission is not proper as filed, the Court will construe the submission as a petition under 28 U.S.C. § 2254 for a writ of habeas corpus by a person in state custody. For the following reasons, the Petition cannot be further processed.

1. Petitioner has not used the required § 2254 Forms. Rule 2, R. Gov. § 2254 Cases. The Clerk will forward to Petitioner the proper forms.

2. Filing fee was not received, nor was an affidavit to proceed *in forma pauperis* submitted and signed by Petitioner.

3. Petitioner has not named his custodian as the respondent. Rule 2, Rules Governing Section 2254 Cases, requires that the petition name the state officer having custody of the applicant as respondent. The Court takes judicial notice that a proper respondent for North Carolina state prisoners challenging their North Carolina judgment of conviction is the Secretary of the North Carolina Department of Correction. Naming the wrong custodian is a common point of confusion, and the Court assumes that Petitioner wishes to name the proper custodian as respondent. Accordingly, unless Petitioner objects within eleven days of the issuance of this Order, the Petition is deemed from this point forward to be amended to name Alvin W. Keller, Jr., who is currently the Secretary of the North Carolina Department of Correction, as Respondent.

4. Most of Petitioner's complaints are about alleged defects in the North Carolina collateral review process. Defects in the collateral review process are not ordinarily matters that can be raised in a habeas petition in this Court.

Because of these pleading failures, the Petition will be filed and then dismissed, without prejudice to Petitioner filing a new petition on the proper habeas corpus forms with the $5.00 filing fee, or a completed application to proceed *in forma pauperis*, and otherwise correcting the defects noted.[1] The Court has no authority to toll the statute of limitation,

---

[1]Because Petitioner's submission is being dismissed without prejudice and is not being decided on its merits, this case will not count as a first petition which would later trigger the prohibitions against second or successive petitions found in 28 U.S.C. § 2244(b). However, if Petitioner chooses to later submit a § 2254 petition that conforms with this Order and Recommendation, he should be aware that he is normally entitled to have only one § 2254 petition decided on its merits. Second or successive petitions are barred from consideration by this Court unless a petitioner first receives permission from the Fourth Circuit Court of Appeals to file such a petition. 28 U.S.C. § 2244(b). That permission is granted only in very narrow circumstances. Because of this, Petitioner should act carefully in resubmitting a petition. *See generally Castro v. United States*, 540 U.S. 375 (2003). If Petitioner wishes to challenge his conviction, he must use the § 2254 forms supplied by the Court, include all of the claims for relief he wishes to raise, and closely follow the instructions provided. Petitioner may also choose not to submit a
(continued...)

therefore it continues to run, and Petitioner must act quickly if he wishes to pursue this petition. *See Spencer v. Sutton*, 239 F.3d 626 (4th Cir. 2001). To further aid Petitioner, the Clerk is instructed to send Petitioner a new application to proceed *in forma pauperis*, new § 2254 forms, and instructions for filing a § 2254 petition, which Petitioner should follow.

*In forma pauperis* status will be granted for the sole purpose of entering this Order and Recommendation of dismissal with permission to file a new petition which corrects the defects of the present petition.

**IT IS THEREFORE ORDERED** that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation. The Clerk is instructed to send Petitioner § 2254 forms, instructions, and a current application to proceed *in forma pauperis*.

**IT IS RECOMMENDED** that this action be construed as a habeas petition under 28 U.S.C. § 2254 and dismissed *sua sponte* without prejudice to Petitioner filing a new petition which corrects the defects of the current petition. The new petition must be accompanied by either the five dollar filing fee or a current application to proceed *in forma pauperis*.

          /s/ L. Patrick Auld
          **L. Patrick Auld**
          **United States Magistrate Judge**

December 13, 2011

---

[1](...continued) petition. Finally, if Petitioner wants a form of relief other than relief from his conviction or sentence, he should make that clear in any new submission and should state that he is not seeking to attack his conviction or sentence. He should not use the § 2254 forms in that instance.